JOHN KRUMMACK, ADMINISTRATOR, APPELLEE, V. MISSOURI
PACIFIC RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 16, 1915.   No. 18283.

Railroads:  DEATH OF CHILD:  ACTIONABLE NEGLIGENCE.   "A railroad
    company * * * is bound in all cases to exercise reasonable care
    to avoid injuring all persons who are known to be, *or who may be
    reasonably expected to be, upon its right of way.*"  *Chicago, B. &
    Q. R. Co. v. Wymore*, 40 Neb. 645.  And where the evidence shows
    that the switching-yards of a railway are close to a large public
    school building and playground, that young children have long been
    in the habit of playing on or near the cars and tracks, ordinary·
    care demands that in switching cars due regard should be paid to
    to these conditions, and a failure to enclose the tracks and a neg-
    lect on the part of those engaged in switching to observe whether
    children are on the cars or tracks when a train is being backed in,
    from the lack of which precautions a trespassing child is injured,
    may constitute actionable negligence.

APPEAL from the district court for Lancaster county:
P. JAMES COSGRAVE, JUDGE.  *Affirmed.*

*B. P. Waggener, J. A. C. Kennedy* and *Yale C. Holland,*
for appellant.

*Wilmer B. Comstock, contra.*

LETTON, J.

Action to recover for the negligent killing of a child.
Plaintiff recovered a judgment for the sum of $2,500, and
defendant appeals.

The accident occurred in the switching-yards of defend-
ant in the city of Lincoln.  The petition charges that for
many years there had been situated on T street, immedi-
ately east of Ninth street, a public school building, usually
attended during the school year by from 300 to 400 chil-
dren; that a playground equipped with amusement appa-
ratus was maintained upon the school grounds; that the
deceased, a boy of the age of seven years, was amusing
himself at the playground; that defendant was negligent

in not erecting and maintaining a fence or wall to prevent children from going upon the tracks in the yards, and in not providing a lookout to warn children away from the tracks; that on the day of the accident the defendant had standing on a flat car within 50 to 75 feet of the school grounds some brilliantly painted machinery, which attracted the deceased to the cars upon which the machinery was standing; that he climbed upon the car upon which the machinery stood, and while standing there a long string of cars, without any lookout on the front thereof, was carelessly run against the car on which he stood, after the defendant observed and became aware of his perilous situation, causing him to be thrown from the car and to suffer injuries from which he afterwards died. The answer pleads negligence on the part of the child and on the part of the father, and also pleads that the child was a trespasser.

Thirty-three errors are assigned as to the reception and exclusion of evidence and with respect to certain instructions. We think it unnecessary to consider these in detail. The main contention of defendant is that, since the evidence shows that the deceased was a trespasser in its switching-yards, it was not bound to anticipate his presence, or to use more than ordinary care in the transaction of its business. It is also contended that, owing to the fact that the boy was playing upon the north end of a flat car to which a box car was attached at each end, even if there had been a lookout upon the end of the cars being switched, he could not have seen him. Under ordinary circumstances the first contention states the proper principle of law. We have in a number of cases announced the rules applying to the duty owing by a railroad company to trespassers, and we adhere to the doctrines laid down in *Chicago, B. & Q. R. Co. v. Grablin*, 38 Neb. 90; *Chicago, B. & Q. R. Co. v. Wymore*, 40 Neb. 645; *Chicago, B. & Q. R. Co. v. Wilgus*, 40 Neb. 660; *Shults v. Chicago, B. & Q. R. Co.*, 83 Neb. 272, *Wanderholm v. Chicago, B. & Q. R. Co.*, 96 Neb. 764. The testimony in this case, however, establishes a number of facts which we think remove this case from the operation

of the general rule. The switching-yards were just across the street from the school building, which is attended by hundreds of children during the school year. The play apparatus on the school ground was open to the use of the children when school was not in session. The accident occurred shortly after 4 o'clock in the afternoon. Six boys, the oldest of whom was aged 12 years and the youngest, the deceased, who was 7 years of age went to the playground after school to play. After a short time they saw a threshing engine and separator on a flat car on the fourth track and went over to them "to play Cowboy and Indian." The east track in the yard is only 110 feet from the school grounds and is close to the west line of the street. This is the team track, and there is a planked road across this and the next track for express teams to reach the platform. As defendant's tracks extend northward they curve to the east and cross Ninth street between V and W streets. Children frequently played on and about the cars in the yards, although efforts were made by the parents and teachers to keep them away, and balls were often thrown or batted in among the tracks and boys would go after them. This had occurred for so long a time that it must have been within the knowledge of the defendant and its employees.

A witness was passing through the yards between Eighth and Ninth streets near T street. He noticed several boys playing on and about the car upon which the threshing machinery was placed, which stood to the east of him. A switch engine was backing cars on the same track. The side of the engine on which the engineer stands was on the inside of the curve. He saw the cars come together, heard a boy cry, saw several boys running away, at once went to the car, and found a boy on the track underneath. He climbed across the car to the inside of the curve. He then saw the engineer on the engine, and the switch crew scattered along by the side of the cars. One of these men he believes to have been within a couple of car lengths of the flat car when it was struck. None of these men were called by the defendant. According to this testimony

the jury might with reason find that the engineer of the switch engine and the crew, being on the inside of the curve, could, if they had exercised the care which the proximity of the school building and the habits of children in that locality required, have seen the boys in time to prevent the accident. It is true, as defendant contends, that railroad companies are not obliged by statute to enclose their yards within the limits of cities or villages, but the fact that the statute does not make fencing obligatory has no bearing upon the question whether ordinary care and due regard for human life, considering the proximity of such dangerous agencies as moving cars and engines to a place where the presence of children might reasonably be expected, did not demand more vigilance than under other circumstances. What is reasonable care may vary with the circumstances of each case, and the jury were entitled to determine whether or not the defendant was guilty of negligence in failing to enclose its tracks under such conditions, and in failing to take note of the presence of the children on the cars and tracks. There was testimony on behalf of plaintiff to the effect that it was impracticable, with due regard to the necessities of traffic, to fence the team track, but the evidence was not very strong, and the jury were entitled to consider whether it was practicable to fence in all the tracks or to exclude the team track alone.

The evidence sustains the jury in finding there was a lack of reasonable care on the part of defendant and its employees which was the cause of the death of plaintiff's intestate. We are of opinion that the instructions were not prejudicial, and that the defendant did not suffer by the rulings of the court upon the admission of evidence.

The judgment of the district court is therefore

AFFIRMED.

BARNES, J., dissents.

FAWCETT and HAMER, JJ., not sitting.