SOPHIA C. GIBSON, APPELLEE, V. GLENS FALLS INSURANCE COMPANY, APPELLANT.

FILED MARCH 22, 1924.   No. 22699.

1. Insurance: MEASURE OF RECOVERY. In an action on a nonvalued policy of insurance against loss by theft and fire to an automobile, where there has been a total loss, the measure of recovery is the actual market value of the automobile at the time the loss occurs.

2. Trial: INSTRUCTIONS. It is not error for the court in an instruction to assume as true facts that are established by the evidence without controversy.

3. Insurance: RECOVERY: DEDUCTION OF SALVAGE. When an insurance company, after damage to personal property, which it has insured against loss by theft and fire, takes and retains possession of the damaged property, it is not entitled, in an action on the policy, to have the value of the salvage deducted from the actual market value of the property at the time of loss.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Affirmed on condition.*

*DeLamatre & DeLamatre,* for appellant.

*Arthur C. Pancoast, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY and GOOD, JJ., ELDRED, District Judge.

GOOD, J.

This is an action on a nonvalued insurance policy, which insured plaintiff against loss by theft and fire to her second-hand automobile. On the trial plaintiff recovered a verdict and judgment thereon for $837.33. Defendant has appealed.

The policy was issued April 28, 1920, and insured plaintiff to the amount of $900 against loss. The car was stolen

March 20, 1921. A few days later the charred remains of the car were found about 12 miles distant from the scene of the theft.

Several errors are assigned, but on oral argument defendant conceded that it relies on but three of the assignments, namely: Error in giving instructions 7 and 8; and that the verdict is excessive.

The seventh instruction is as follows: "You are instructed that, where the value of an automobile at the time of insurance is fixed or determined, the only diminution on the value thereof which should be considered in determining the loss for which payment can be demanded as insurance is the inherent depreciation in the machine itself, due to injury or damage accruing to it subsequent to the date of the policy."

One of the provisions of the policy is as follows: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused."

Under this provision of the policy and of the law applicable thereto, the giving of the seventh instruction was manifest error, since it permitted the jury to measure the plaintiff's recovery by the value of the car at the time the policy was issued, less inherent depreciation in the machine itself, due to injury or damage accruing to it subsequent to the date of the policy. Our statute does not require a valued policy upon personal property; nor did the contract of insurance provide for a valued policy, but to the contrary. The true rule for the measure of recovery on a policy of this kind, under our law, where there has been a total loss, is the actual market value of the property at the time the loss occurs. Should the loss be only partial, then the measure of recovery would be the difference between the actual market value of the insured property immediately before and immediately after the damage or injury thereto occurs.

It will be observed that the car was stolen and burned almost a year after the issuance of the policy. It is a matter of common knowledge that automobiles will deteriorate and depreciate in value by reason of ordinary use. A car with ordinary and careful usage would depreciate in value to some extent, while greater and harder usage would naturally depreciate its value to a greater extent. It is also a matter of common knowledge that automobiles may depreciate in value very greatly within the period of a year because of a general decline in automobile prices.

The instruction given seems to have been based upon the case of *Siegle v. Phœnix Ins. Co.*, 107 Mo. App. 456; but that case was based upon a Missouri statute, which provided: "No company shall take a risk on any property in this state at a greater ratio than three-fourths of the value of the property insured, and when taken its value shall not be questioned." In *Gibson v. Missouri Town Mutual Ins. Co.*, 82 Mo. App. 515, 521, it was held that the practical effect of the statute was to make a valued policy. There is no statute of the same import in Nebraska.

Defendant criticises the eighth instruction because it assumes that the car was stolen and burned on the 20th of March, 1921, and did not leave that question to be determined by the jury. The undisputed evidence shows this fact to be true, and no error was, therefore, committed in assuming the fact which was established without controversy.

The eighth instruction is further criticised because it does not tell the jury to deduct from the value of the car the value of the wreckage or salvage. The evidence shows that, upon finding the remains of the car after it had been stolen and burned, possession thereof was taken and retained by defendant. When an insurance company, after damage to property on which it holds a policy of insurance, takes possession of the damaged property and retains the same, it is not entitled, in the measurement of damages in an action upon the policy, to have any deduc-

tion made because of the salvage. The giving of instruction No. 8 was not erroneous.

Defendant also complains that the verdict is excessive. This contention, we think, would be entirely without merit,. if the case had been submitted to the jury upon proper instructions. The evidence on behalf of plaintiff tended to show the value of the car was in excess of the amount. of the verdict, while the evidence on the part of the defendant tended to show its value was much less than the verdict. A verdict based upon conflicting evidence will not be disturbed unless clearly wrong.

The only substantial error that was prejudicial to the defendant related to the measure of recovery. Defendant,. itself, offered competent evidence tending to show that the value of the car at the time of the loss was $550. It is evident that, if the jury had returned a verdict fixing the amount of plaintiff's recovery at $550, together with interest at 7 per cent. from the date of the loss to the date of the verdict, the defendant would have suffered no prejudice. This amount would be $576.20.

The judgment will be affirmed on condition that plaintiff shall, within 20 days, enter a remittitur of all in excess. of $576.20. Otherwise, it will be reversed and remanded for a new trial.

AFFIRMED ON CONDITION.