IN RE ESTATE OF PARK M. CRUSINBERRY, DECEASED.
EVA A. CRUSINBERRY, APPELLEE, V. VERLA M. MERRYMAN,
EXECUTRIX OF THE ESTATE OF PARK M. CRUSINBERRY,
DECEASED, APPELLANT.
126 N. W. 2d 481

Filed February 28, 1964. No. 35582.

H. L. Blackledge, for appellant.

Munro, Parker & Munro, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This action was commenced by the filing of a claim against the estate of Park M. Crusinberry, deceased. Eva A. Crusinberry, the claimant and appellee, is the widow of the deceased. Verla Merryman, the appellant, is a daughter of the deceased and the executrix named in his will.

The claimant alleged that the deceased was indebted to her in the amount of $1,600.40 on March 1, 1958; that on October 20, 1958, she credited the deceased with the sum of $240.90; that on September 10, 1959, she loaned the deceased the sum of $138; and that the balance due her from the deceased was $1,497.50. The answer of the executrix denied that the deceased was indebted to the claimant in any amount.

At the close of all of the evidence, the trial court directed a verdict for the claimant in the amount of $1,497.50. The motion of the executrix for a new trial was overruled and she has appealed. The principal assignments of error relate to the direction of the verdict for the claimant.

In support of her claim, the claimant produced a statement in the handwriting of the deceased, exhibit No. 5, which read as follows:

"March 1st 1958

"Eva has coming to her to make us even $1,600.40 and will take it out of rent until Pd then we will even except taxes and payvement (sic) payments"

The statement appears in a ledger in which the deceased kept his accounts. The claimant admitted that she did not know of the existence of the statement until some time after the death of the deceased.

There was also evidence that the claimant and the deceased had transacted business with each other; that the claimant owned rental property in Kearney, Nebraska; that she conveyed an interest in some of this property to the deceased in 1958; that the deceased painted some houses for the claimant and that the credit of $240.90 on October 20, 1958, represented payment for this labor; and that the claimant advanced $138 to deceased on September 10, 1959, to pay taxes.

On the day after the funeral of the deceased, Nelle N. Brown, a daughter of the deceased, Leslie A. Brown, her husband, the executrix, and the claimant all met at the claimant's home. The will of the deceased was

read and there was some discussion concerning his affairs. Mrs. Brown testified that at this meeting the claimant said that the deceased owed her $138; that the executrix then asked the claimant, "Is that all?"; and that the claimant replied, "Yes, that is all he owed me, $138.00."

The claimant testified that she did not make any statement concerning the indebtedness of the deceased to her at the meeting on the day after the funeral. However, in determining whether the claimant was entitled to a directed verdict, the executrix is entitled to have every controverted fact resolved in her favor and have the benefit of every inference that can reasonably be drawn from the evidence. Kiser v. Christensen, 163 Neb. 155, 78 N. W. 2d 823. The claimant testified that she had said that the deceased owed her $138, but that the statement had been made in a telephone conversation with the executrix several days later.

There was a conflict in the evidence in this case concerning the amount of the indebtedness of the deceased to the claimant. The evidence introduced by the executrix tended to contradict the evidence introduced by the claimant. If the claimant made the statement attributed to her and it was true, then the indebtedness of the deceased to the claimant did not exceed $138 at the time of his death. Where different minds may draw different inferences or conclusions from facts proved, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury to be determined. Hancock v. Parks, 172 Neb. 442, 110 N. W. 2d 69. The evidence presented a question of fact for the jury and it was error for the trial court to direct a verdict.

The claimant argues that since the executrix did not rely upon payment as an affirmative defense, there was no issue to which the evidence offered by the executrix could be relevant. This argument overlooks the nature of the evidence upon which both of the parties rely. The statement taken from the ledger of the deceased and

the statement which the claimant is alleged to have made on the day following the funeral are admissions. They are evidentiary in nature, are not conclusive, may be explained, rebutted, or contradicted, and are to be given such weight as the jury believes that they are entitled to receive. In the absence of the elements of estoppel, extrajudicial statements of fact are, ordinarily, not conclusive and may be explained, rebutted, or contradicted and thereafter are to be given such weight as the trier of facts deems them entitled. Aye v. Gartner, 172 Neb. 162, 108 N. W. 2d 798.

Exhibit No. 5 did not establish, conclusively, that the deceased was indebted to the claimant in the amount shown as of that date. Consequently, the executrix was entitled to contradict this evidence and was not limited to proof of subsequent payment.

The executrix contends that the foundation for the admission of exhibit No. 5 into evidence was incomplete because there was no evidence of delivery to the claimant. The evidence is that the statement appears in a ledger in which the deceased kept his accounts; that it is in the handwriting of the deceased; and that the ledger was kept in the home of the deceased and was found there after his death. This evidence was sufficient foundation for the admission of exhibit No. 5. See, Bratt v. Wishart, 127 Neb. 836, 257 N. W. 258; Maca v. Sabata, 150 Neb. 213, 34 N. W. 2d 267; 31A C. J. S., Evidence, § 371, p. 896.

The claimant alleged that she had purchased a 1948 Studebaker automobile but that the deceased, without her knowledge or consent, had caused the certificate of title to be issued in his name. The claimant prayed that the executrix be directed to convey the title of the automobile to the claimant. The executrix alleged that the claimant was estopped to assert any claim of ownership to the automobile. The journal entry is silent concerning this portion of the claim, and the executrix assigns as error the failure of the trial court to make any deter-

mination concerning the issues in reference to the automobile.

The claimant concedes that there was a failure of proof as to the allegations of the claim concerning the automobile and has abandoned this part of the claim. There is no finding or judgment in regard to the automobile which is adverse to the executrix or about which she can complain. The assignment of error is without merit.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.