GEORGE BOARDMAN, APPELLEE, v. RAYMOND McNEFF, APPELLANT.

129 N. W. 2d 457

Filed July 3, 1964. No. 35708.

John E. Dougherty, for appellant.

Philip T. Morgan, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for damages brought by George Boardman, the plaintiff, against Raymond McNeff. The plaintiff was severely injured when he was accidentally caught between a disk harrow and a pickup truck owned by the defendant. The jury returned a verdict for the plaintiff in the amount of $7,500. The defendant's motion for new trial was overruled and he has appealed.

The assignments of error relate to the sufficiency of the evidence to sustain the judgment and the instructions of the court.

The record shows that the accident occurred at dusk on August 20, 1962. The plaintiff and his daughter,

who was 14 years of age, had been looking at the plaintiff's cattle which were being pastured in a field leased from the defendant. The defendant and a hired man, Duane Pabst, had been working on a tractor in a field near the pasture. After the plaintiff had looked at his cattle he drove over to the field where the defendant had been working. The plaintiff wanted to talk to the defendant because some coyotes had been bothering the cattle.

After the plaintiff and the defendant had finished their conversation the defendant's pickup truck would not start. The plaintiff helped the defendant and Pabst straighten out a log chain which was then fastened between the front bumper of the pickup truck and the crossbar on the back of a disk harrow which was attached to a tractor.

The disk harrow was a 12-foot Hammond tandem disk equipped with rubber-tired wheels which were used when moving the disk upon the highway. It was attached to a W-9 International farm tractor. The tractor was equipped with a brake which was operated by a foot pedal. The brake pedal had an attachment which could be used to hold it down so that the pedal could be locked in position with the brake applied.

The tractor was used to tow the pickup truck a short distance to start its engine. Pabst drove the pickup and the defendant operated the tractor. After the engine on the pickup had started, the defendant stopped the tractor. The tractor was then partly on the road and on a slight incline. The defendant left the tractor in neutral with the engine running and did not lock the brake on.

After the defendant had stopped the tractor, the plaintiff said, " 'Wait a minute and I will undo the chain.' " The defendant was then on the tractor. The plaintiff unhooked the chain from the disk and dropped that end of the chain. The plaintiff then walked back a distance of approximately 12 feet to the pickup with his back to

the disk. As the plaintiff leaned down to unhook the chain from the pickup, the disk and tractor rolled backward and crushed the plaintiff against the front of the pickup.

Barbara Boardman, the plaintiff's daughter, was standing about 5 feet away from the tractor when the accident happened. She testified that the defendant started to get off of the tractor; that when her father said, " 'Wait a minute. I will go and unhook the chain,' " the defendant just waited on the tractor standing up; that the tractor rolled back and the disk struck her father; that she said, " 'Well, stop the tractor' "; that the defendant stood there for a little while and then must have put his foot on the brake; and that the defendant then got off of the tractor.

The specifications of negligence which were submitted to the jury were that the defendant was negligent in leaving the tractor in neutral after stopping it on an incline; in failing to warn the plaintiff that the tractor and disk were rolling backward; and in failing to stop the tractor before the plaintiff was pinned between the disk and the pickup.

The evidence which has been summarized was sufficient to sustain a finding for the plaintiff on each specification of negligence. Although the defendant produced evidence which tended to negative some of the contentions and allegations of the plaintiff, the evidence must be considered in the light most favorable to the successful party. Enterprise Co., Inc. v. Sanitary Dist. No. One, 176 Neb. 271, 125 N. W. 2d 712. The plaintiff is entitled to the benefit of any evidence which appears in the record. Buhrman v. Smollen, 164 Neb. 655, 83 N. W. 2d 386. Where different minds may draw different inferences or conclusions from the facts proved, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury for determination. Crusinberry v. Merryman, 176 Neb. 479, 126 N. W. 2d 481.

The defendant's principal assignment of error relates

to the failure of the trial court to instruct the jury in reference to the duty of an owner or occupant of land. The defendant's theory is that the general denial in the defendant's answer raised an issue as to the status of the plaintiff as an invitee, licensee, or volunteer. The defendant contends that the plaintiff was a volunteer and, therefore, the defendant had no duty to use due care to avoid injuring the plaintiff.

The plaintiff in this case was a volunteer in the sense that the defendant did not request his assistance in starting the engine of the pickup or in unfastening the chain from the disk and the pickup. There are decisions in other jurisdictions which hold that the only duty to a volunteer is to avoid injuring him through gross negligence or willful and wanton conduct. See, Richardson v. Babcock & Wilcox Co., 175 F. 897; 65 C. J. S., Negligence, § 62, p. 554. So far as we have been able to determine, this rule has never been followed in Nebraska. We do not believe that it should be applied in this case.

Many cases distinguish between "active" and "passive" negligence and hold that the owner or occupant of land is liable to a licensee whose presence is known, or should have been known, and who is injured by active conduct. Oettinger v. Stewart, 24 Cal. 2d 133, 148 P. 2d 19, 156 A. L. R. 1221. See, also, 38 Am. Jur., Negligence, § 104, p. 765; 65 C. J. S., Negligence, § 35h, p. 500. In Nebraska the rule has been applied to trespassers whose presence is known or should reasonably be anticipated. See, Mitchell v. Missouri P. R. R. Corp., 114 Neb. 72, 206 N. W. 12; Krummack v. Missouri P. Ry. Co., 98 Neb. 773, 154 N. W. 541; Chicago, B. & Q. R. R. Co. v. Wymore, 40 Neb. 645, 58 N. W. 1120. See, also, Restatement, Torts, §§ 336, 338, pp. 911, 918.

The contention which the defendant makes in this case is very similar to the contention that was made by the defendant in Garstka v. Republic Steel Corp., 294 Mich. 387, 293 N. W. 691. In that case the Michigan

court said: "Much importance is seemingly attached by defendant to the question of whether plaintiff was a licensee or invitee at the time that the accident took place. But in our opinion this is to over-emphasize questions regarding the condition of the premises and the matter relating to whether warnings of known perils were given by defendant's employees. If plaintiff is entitled to recover, it must be upon the theory that he was injured because of the negligence of defendant's employee, Azre, and not because of the maintenance of unsafe premises. The crane moved and was operated only upon signals from Azre. The crane operator could not see anything above him. Azre was the 'eyes' of the operator of the crane. If Azre knew, or should have known, that plaintiff might be injured as a result of his signals in causing the crane to be moved or operated, ·he was negligent if he did not use ordinary care to avoid injuring Garstka; and defendant would be liable for such negligence. * * * The whole effect of the foregoing instruction embodies no more than that, if Azre did not act as a reasonably prudent person would have acted under the same or similar circumstances, he would have been guilty of negligence; and the same can be said of the remainder of the charge, of which complaint is made. It would, furthermore, make no difference whether Garstka was an invitee, a licensee, or a tresspasser—and we are of the opinion that he was not a trespasser; there was a duty not to injure him by active negligence. The language and purport of the instructions give rise to no reversible error."

There was no allegation in this case that the plaintiff was injured as a result of a defect in the premises occupied by the defendant and there was no issue in that regard. The negligence which was alleged related to the defendant's control and operation of the tractor. The defendant knew that the plaintiff was present. There was evidence from which the jury

could find that the defendant knew that the plaintiff had stepped between the disk and the pickup and was unfastening the chain. Under such circumstances it was the duty of the defendant to use due care in the control and operation of the tractor to avoid injuring the plaintiff.

The duty of the trial court is to instruct the jury upon the issues presented by the pleadings and supported by the evidence. There is no duty to instruct in reference to a matter that is not an issue in the case. Enterprise Co., Inc. v. Sanitary Dist. No. One, *supra*. As we view the record in this case, there was no issue which required the trial court to instruct the jury with reference to the duty of an owner or occupant of land.

The defendant claims that instruction No. 9 relating to damages was erroneous in several respects. The defendant contends that the trial court should not have advised the jury that it was "agreed" what the amount of the medical and hospital expenses was, and that no issue with respect to damages for permanent injuries should have been submitted to the jury. We find no prejudicial error in instruction No. 9.

There was no dispute concerning the amount of the various items of medical and hospital expenses claimed by the plaintiff. The parties stipulated that if witnesses were called they would testify that the plaintiff had incurred expenses in the amounts set out in the stipulation. Thus, the parties did agree that the plaintiff had incurred expenses in the amounts stated but did not agree that the plaintiff was entitled to recover these amounts as special damages.

The trial court advised the jury that if it found for the plaintiff it should allow the plaintiff the reasonable amount of his doctor and hospital bills which the evidence showed with reasonable medical certainty were incurred for the treatment of injuries suffered in the accident involved in the action. In instruction No. 8,

relating to the comparative negligence statute, the jury was advised concerning the effect of contributory negligence in the reduction of damages.

An instruction which assumes an undisputed fact is not erroneous. Gibson v. Glens Falls Ins. Co., 111 Neb. 827, 197 N. W. 950. Upon the record in this case, it was not prejudicial error for the trial court to instruct the jury that it was "agreed" that the plaintiff had incurred expenses in the amounts stated.

The record shows that in the accident the plaintiff's chest was caved in on the left side and four ribs were fractured. The ribs punctured the lung and pleura and the plaintiff developed pleural effusion. Approximately 45 days after the accident the plaintiff was hospitalized for a kidney or urethral stone. There was evidence that the stone developed as a result of the treatment necessitated by the chest injury. The plaintiff was eventually operated for this condition in January 1963.

There was further evidence that the plaintiff developed an enlarged heart as a result of the accident on August 20, 1962, and that this condition resulted in permanent disability. This evidence was sufficient to sustain a finding of permanent injury as a result of the accident, and the trial court did not err in submitting that issue to the jury. The test is reasonable certainty. Hermilla v. Peterson, 171 Neb. 365, 106 N. W. 2d 507.

We have considered the other assignments of error in reference to the instructions and find no merit in any of them. The instructions which were given by the trial court were adequate and complete. The instructions which were requested were properly refused. They were either incorrect or were covered in other instructions given by the trial court on its own motion.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.