ROY RUNGE, APPELLANT, v. THOMAS C. TRAVIS, APPELLEE.
134 N. W. 2d 291

Filed April 2, 1965. No. 35858.

Mitchell, Taylor & Beatty, for appellant.

Tye, Worlock, Knapp & Tye, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

A cascade of wire and corn from a crib injured plaintiff who was on the outside but at work on the inside. This action against his employer was dismissed by the district court on the ground that there was no question of fact for the jury.

Our summary of evidence on issues of negligence and contributory negligence begins with the crib. Its height was 17 feet. Above a wood base 1 foot high there were four rings, one upon another. The bottom ring was made of lath and wire. It was anchored in the south part by two posts, which formed a gate for removal of the corn. The upper rings were made of wire. They were not attached to the posts, to the bottom ring, or to each other.

In the fall of 1961 defendant filled the crib with 1,500 bushels of green corn. Later he withdrew 380 bushels through the gate. As a result the part of the mass above the gate was lowered. This incline was visible

on the date of the accident, March 7, 1962.

With plaintiff's acquiescence defendant decided to remove corn from the north part. Together the parties cut a hole in the wood ring from top to bottom at a point opposite the gate. The ears were packed tightly together. Plaintiff poked them a number of times with his scoop shovel. Several times he looked up to see the effect.

Defendant departed after plaintiff had taken out a few shovelfuls. Frank Kremlecek, defendant's father-in-law, subsequently arrived. After plaintiff had removed 70 bushels, the fourth ring and part of the third ring suddenly toppled to the ground. Frank shouted a warning but plaintiff could not escape.

Plaintiff's knowledge and experience were not wide for his 55 years. He received no formal education beyond the eighth grade. Farming on land of others was his single livelihood. His own cribs were composed of one or two rings. His experience with the four-ring size was limited to one occasion, and that in 1947. That crib was anchored by high poles. Prior to the accident he had seen cribs of this size in the community.

There follows from the evidence the legal conclusion that contributory negligence in comparison with the negligence of defendant bars recovery. The risk was extraordinary. The structure had weak props in view of the work to be done, but not one unsafe condition was concealed. The construction of the crib, the props, and the compactness and shape of the mass—all were open and obvious under the circumstances. The situation was uncomplicated.

Stability varied during progress of the work. Plaintiff poked and he looked up for falling corn. A servant of mature years and of ordinary intelligence is assumed to know the operation of familiar laws of gravitation. See, Halsey v. Merchants Motor Freight, Inc., 160 Neb. 732, 71 N. W. 2d 311; Brown v. Swift & Co., 91 Neb. 532, 136 N. W. 726.

"One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent." Fritchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N. W. 2d 515.

The judgment should be, and is, affirmed.

AFFIRMED.