Edward A. Costello, appellant, v. Genevieve Simon, appellee.

141 N. W. 2d 412

Filed March 25, 1966. No. 36130.

Eisenstatt, Lay, Higgins & Miller, for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ., and Kokjer, District Judge.

McCown, J.

This is an action for personal injuries sustained by the plaintiff when he jumped or fell from a ladder

placed in position by the defendant against the side of her residence. The district court sustained defendant's motion for dismissal at the conclusion of the testimony and this appeal followed.

Plaintiff, Edward A. Costello, and defendant, Mrs. Genevieve Simon, are next door neighbors in Omaha. The defendant's house is basically one-story frame construction, faces south, and had metal guttering extending along the length of the east and west eaves of the house, approximately 11 feet above the ground. The guttering on the east side of the house was fastened to the eaves by braided wire hangers at intervals of several feet. Along the east side of the defendant's house was a wooden picket fence about 3 feet in height, and 4 feet from the side of the house, running parallel to it. There was a concrete sidewalk along that side of the house, and a strip of ground 8 to 10 inches in width between the east edge of the sidewalk and the picket fence. This ground between the sidewalk and the picket fence was covered with leaves and grass. There had been no rain from the 10th through the 20th of September 1963, but there had been .04 inch on the 21st, .21 inch on the 22nd, .81 inch on the 23rd, and .03 inch on the 24th. There had been no rain since the 24th, but the area was shaded and did not receive much sunlight. There is evidence that the ground was moist and slippery.

On September 27, 1963, while Mrs. Simon was working on the west side of her house, and Mr. Costello was working in his adjoining yard, Mrs. Simon asked him to help her remove the guttering on the east side of her house. Mr. Costello agreed, obtained a pair of wire snips to cut the braided wire hangers which held the guttering in place, and they proceeded to the rear of Mrs. Simon's house on the east side. Mrs. Simon furnished a wooden ladder which was somewhere between 8 and 12 feet long. Mrs. Simon placed the base of the ladder in the area between the sidewalk and the picket fence near the rear or north end of the east

side of her house. Mr. Costello mounted the ladder, reached up and cut the braided wire hanger holding the guttering, and they proceeded to the south down the east side of the house, with Mrs. Simon moving the ladder each time to the location of the next braided wire hanger. It was moved four or five times. At the point where the ladder was placed in position below the last hanger to the south, Mr. Costello again went up the ladder. He cut the braided wire hanger with the wire snips in his right hand, and his left hand was on a rung of the ladder; the gutter came down on his left arm; the ladder slipped just after he cut the hanger; the base of the ladder going to the north and the top to the south. In view of the close proximity of the picket fence, in Mr. Costello's words: "I throwed my weight over and hit the sidewalk with my heel." He fractured his left heel. After the occurrence, the base of the ladder was sticking into the picket fence, and the ladder was up against the house sideways.

The testimony was that Mr. Costello had used ladders a good many times before; that he tested the ladder each time to see that it was solid, and that on the last occasion, out of which his injury arose, he had looked at the base to see that it was resting securely before he started; that the ladder looked like it was in good position; and that he tested it with his weight, it did not slip, and had not slipped at any other time. There is some confusion in the testimony as to how closely Mr. Costello looked at the ground where the ladder was placed, but it is undisputed that he did not see the ground under the grass and leaves, nor notice any moisture. Mrs. Simon had not warned Mr. Costello that the ground was damp and slippery.

A motion for dismissal or, in the alternative, for a directed verdict must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and

that party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the facts in evidence. Middleton v. Nichols, 178 Neb. 282, 132 N. W. 2d 882.

Negligence is never presumed and it cannot be inferred from the mere fact that an accident happened. Flory v. Holtz, 176 Neb. 531, 126 N. W. 2d 686.

Where the facts adduced to sustain an issue are such that but one conclusion can be drawn when related to the applicable law, it is the duty of the court to decide the question as a matter of law, and not submit it to a jury. Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578.

While the owner of premises owes the duty to an invitee to exercise ordinary care to have the premises in a reasonably safe condition for use in a manner consonant with the purposes of the invitation, generally, there is no duty on the part of an inviter owner to protect an invitee against hazards which are known to the invitee or are so apparent that he may reasonably be expected to discover them and protect himself. Crawford v. Soennichsen, supra.

In this case there is no evidence of any defect in the ladder being used, nor that there was anything different about the condition of the ground at the place where the fall occurred from that of any other portion of the strip of ground. The conditions were as apparent to the plaintiff as they were to the defendant. Our previous cases have also drawn a distinction between conditions existing inside and outside of buildings or places of business. Gorman v. World Publishing Co., 178 Neb. 838, 135 N. W. 2d 868.

It was a nice day in September at 10:30 in the morning, and the plaintiff was familiar with and had used ladders many times. The defendant is not an insurer of the safety of invitees, even helpful, neighborly ones. The liability of the defendant is for her own negligence.

The presence of natural moisture in level, open ground in a residential yard, even though under a natural covering of grass and leaves, does not constitute a trap under the facts in this case nor establish negligence on the part of the defendant.

For the reasons stated, the action of the trial court was correct, and is affirmed.

AFFIRMED.