JOHN W. MASON, ADMINISTRATOR OF THE ESTATE OF JOHN A. E. MASON, DECEASED, APPELLANT, v. WESTERN POWER & GAS COMPANY, A CORPORATION, APPELLEE.

160 N. W. 2d 204

Filed July 12, 1968.    No. 36842.

Boland, Mullin, Walsh & Cooney and Robert E. Mc-Cormack, for appellant.

Chambers, Holland & Dudgeon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action for wrongful death brought by the administrator of the estate of John A. E. Mason, deceased, against the Western Power & Gas Company. The trial court dismissed the action at the close of the plaintiff's evidence, and the plaintiff has appealed. The principal issue is whether the plaintiff's evidence was sufficient to create a question for the jury.

The deceased was employed as an officer of the guard at the Nebraska State Reformatory. He left his home at about 9:15 p.m. on April 27, 1966, to go to the reformatory. At about 10 p.m. that night he was found lying in an excavation in front of his home. The evidence indicates that he had fallen into the excavation and died as the result of injuries sustained in the fall.

On April 25, 1966, the wife of the deceased reported a gas leak to the defendant. Workmen came to the property later that day and dug an escape hole near the foundation of the house.

On the following day, April 26, 1966, the defendant's workmen opened an excavation 2 or 2½ feet wide, 7 or 10 feet long, and 3 to 5 feet deep. This excavation was east of and adjacent to the public sidewalk in front of the residence of the deceased. On April 27, 1966, the ex-

cavation was enlarged by digging 5 feet to the north and 10 feet to the south from the original hole. The excavation was also extended to the west and a portion of the public sidewalk removed.

The dirt removed from the excavation was placed along the sides of the excavation and metal barricades with blinker lights were placed on the south, east, and north sides of the excavation. There is some conflict in the evidence as to the location of the barricades, but it is clear that there were no barricades along the west side of the excavation where the sidewalk leading from the front door of the residence of the deceased joined the public sidewalk. There was some dirt piled on the sidewalk west of the excavation, but it did not form a continuous barrier. The evidence indicates that the workmen entered and left the excavation near the place where the sidewalk from the front of the house joined the public sidewalk.

On April 25 and 26, 1966, the deceased worked from 2 p.m. until 10 p.m. On April 27, 1966, he was to work from 10 p.m until 6 a.m. On April 27, 1966, the deceased arose at 8 a.m. He had breakfast and did some grocery shopping and then returned home. He rested in the afternoon and arose again about 6 p.m. At around 6:30 or 7 p.m. he left the house to get some cigars. He left the house again at about 9:15 p.m. to go to work and was not seen again until he was found in the excavation.

The plaintiff's theory is that the deceased fell into the excavation while walking from the front door of his house to his automobile which was parked on the driveway south of the house. There is evidence that it was his custom to walk out the "front walk" to the public sidewalk, then south to the driveway, and enter the automobile from the south.

If this was the path which the deceased followed on the evening of April 27, 1966, it was a dangerous and hazardous route. The photographs which are in evidence show very clearly that the deceased could have

walked directly to his car from the front steps of the house by following a diagonal path across the lawn. This route would have avoided the danger and hazard necessarily incident to following the sidewalk along the edge of the excavation.

The deceased was chargeable with knowledge of the excavation, although he may not have been fully advised as to its exact extent. He had been around the house on April 27, 1966, and had made a trip in his car to get cigars after the workmen had left for the day. The barricades with the blinking lights were in place and dirt was piled around the excavation.

One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent. One who knows of a dangerous condition, appreciates its dangerous nature, and deliberately exposes himself to the danger assumes the risk of injury from it. Fritchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N. W. 2d 515.

The answer in this case alleged both contributory negligence and assumption of risk. The evidence shows both assumption of risk and contributory negligence on the part of the deceased sufficient to bar recovery as a matter of law.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is affirmed.

AFFIRMED.