TRINIDAD MENDOZA, ADMINISTRATRIX OF THE ESTATE OF JESSE MENDOZA, DECEASED, APPELLANT, v. EDMUND J. AGUILERA, APPELLEE.
165 N. W. 2d 360

Filed February 28, 1969. No. 37063.

Alfred A. Fiedler and Stephen E. Sturek, Jr., for appellant.

John P. Mullen, Joseph R. Moore, and Gaines, Spittler, Neely, Otis & Moore, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WALTER H. SMITH, District Judge.

McCOWN, J.

Jesse Mendoza was struck on the leg by a falling

branch while assisting the defendant, Edmund Aguilera, in trimming trees in the yard of the Aguilera residence. Plaintiff administratrix brought this action for negligence. At the conclusion of the plaintiff's evidence, the defendant's motion to dismiss was sustained.

The defendant had requested Jesse Mendoza to help trim some trees in the yard of the defendant's residence. Mendoza was the husband of Trinidad Mendoza, who was the mother-in-law of the defendant. Jesse Mendoza was 64 years of age and had retired in July 1966, after 38 years of active employment. There is no evidence that he suffered from any physical or mental infirmities. The work of trimming three trees was done November 26, 1966. The defendant would climb a tree, tie a rope around the portion of the limb or branch to be trimmed, and drop or loop the rope over another branch referred to as the "leverage branch." He would then saw the branch or limb to be trimmed until it was about ready to come down. Mendoza, who remained on the ground, would then pull on the rope and the branch or limb would come down. By sometime in the afternoon, defendant and Mendoza were nearing the last of the work. The defendant tied the rope around the branch he was going to work on and put the "leverage" rope over a branch of another tree some 5 feet away, and commenced sawing. When he thought the branch was about ready to give, defendant told Mendoza the limb was ready to come down; that defendant was going to come down; and that Mendoza should wait for him. Defendant's legs were numb when he reached the ground and he was standing apparently rubbing his legs to get them back to normal. Mendoza pulled the rope, the branch fell and hit and broke the leverage branch. Mendoza lost his balance, and fell down, and the branch which had been sawed hit him on the leg. The branch was about 5 feet long, and weighed approximately 100 pounds. On this occasion the leverage branch was a couple of feet lower than the branch being trimmed

while previously the leverage branches had been higher. The leverage branch in this instance turned out to be dead although that could not be told by looking at it prior to the accident. The leverage branch, however, did not break from the pull of the rope, but was knocked down by the other branch as it fell. There is no evidence of any defect of any kind in any of the equipment which the men were using. Mendoza had never trimmed trees before, and the defendant had done so a few times. On some occasions during the work, when the defendant chose a leverage branch, Mendoza would tell the defendant if Mendoza did not think it was right. Neither of the men could be said to be experienced tree trimmers.

Plaintiff's contention is that there was an issue for the jury as to the defendant's negligence and Mendoza's contributory negligence. The legal conclusion is that contributory negligence of Mendoza in comparison with the negligence of the defendant bars recovery. The existing conditions were equally obvious and apparent to both. The risk and possible sources of harm were also obvious. A person of mature years and of ordinary intelligence is assumed to know the operation of familiar laws of gravitation. Runge v. Travis, 178 Neb. 562, 134 N. W. 2d 291.

One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent. Fritchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N. W. 2d 515. See, also, Costello v. Simon, 180 Neb. 35, 141 N. W. 2d 412.

The judgment is affirmed.

AFFIRMED.