VERNON LAAKER, APPELLANT, v. CECIL L. HARTMAN, DOING BUSINESS AS HARTMAN CONSTRUCTION COMPANY, APPELLEE.
186 N. W. 2d 494

Filed April 30, 1971. No. 37750.

John J. Higgins, Jr., and J. Patrick Green of Eisenstatt, Higgins, Miller & Kinnamon, and Charles A. Nanfito of Nanfito & Nanfito, for appellant.

Richard P. Jeffries, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a personal injury action brought by an independent subcontractor against a general contractor. Recovery is sought for injuries sustained as the result of a fall from a ladder in a house under construction. Plaintiff received a verdict which was set aside upon motion of defendant for judgment notwithstanding the verdict. We affirm the judgment of the district court for defendant.

Defendant, a general contractor, was engaged in building a two-story house with basement. The stairwells to the basement and second story were both L-shaped. A portable extension ladder, placed on the basement landing, was used to gain access to the second floor. The ladder was used by all the workmen including carpenters, electricians, plumbers, etc., and was moved as each saw fit. Plaintiff, a drywall contractor, examined the premises on October 20, 1967, and entered into a contract with defendant to do all drywall work for a set price. Plaintiff's men commenced work and it was substantially completed on November 6, 1967, when plaintiff, with

cne of his men, appeared to finish the work and remove scraps. Plaintiff was told, if he wished, he could throw the scraps from the second floor out a window and, although it was muddy out, could pick them up later or could carry them out a window and over the garage roof which had a pitch of 4 inches per foot. He elected to carry them down the ladder and on the third or fourth trip, the ladder tipped to one side as he reached to pick up scraps and he fell. It is not contended that the ladder was in any way defective.

Plaintiff charges negligence in that the ladder was not fastened at the top and also because it was the custom to erect temporary stairs in lieu of a ladder. Plaintiff had observed the lack of stairs, and that the ladder was in use, when he entered into the contract, and had subsequently used the ladder on several occasions. He was fully aware of the conditions of which he complains. He elected to carry the scrap down the ladder rather than move it out a window or drop or lower it down the stairwell.

He relies on sections 48-425 and 48-435, R. R. S. 1943, which provide that a ladder, scaffold, etc., must be erected in a "safe, suitable and proper manner" and that in the event of a violation, an employee continuing in his employment does not assume the risk of such employment. He also relies on the provisions of the American Standard Safety Code for Building Construction which states ladders should be nailed or otherwise securely fastened. Plaintiff concedes that in the finished stairwell, it was impractical to fasten the top of the ladder as it would damage the completed drywalls.

The ladder was supplied by defendant for the use of any of the workmen wanting it. It was not defective and could be moved or placed in any area or manner desired by plaintiff. He was thoroughly familiar with ladders and their usage, knew the existing conditions, made no complaint, and made use of the ladder in the place and in the manner he desired. In doing so, he was

free to comply with the provisions of the safety code, and was, as an independent contractor, charged with taking any precautions deemed necessary in using the ladder for his own safety as well as that of his men. We do not believe the statutes are applicable in the circumstances presented. It was impractical to secure the ladder as suggested by the safety code, but if a duty devolved upon anyone to secure it, that duty was plaintiff's as an independent contractor, and he cannot foist it upon the defendant who supplied the means, i.e., the ladder, but not the manner of its usage.

One going upon another's property as an independent contractor is in the position of an invitee. See, 41 Am. Jur. 2d, Independent Contractors, § 27, p. 781; Long Construction Co. v. Fournier, 190 Okla. 361, 123 P. 2d 689; Braun v. Wright, 100 Ga. App. 295, 111 S. E. 2d 100; Niemeyer v. Forburger, 172 Neb. 876, 112 N. W. 2d 276.

"While the owner of premises owes the duty to an invitee to exercise ordinary care to have the premises in a reasonably safe condition for use in a manner consonant with the purposes of the invitation, generally, there is no duty on the part of an inviter owner to protect an invitee against hazards which are known to the invitee or are so apparent that he may reasonably be expected to discover them and protect himself." Costello v. Simon, 180 Neb. 35, 141 N. W. 2d 412. See, also, Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578; Annotation, 44 A. L. R. 894.

In the present instance, the absence of temporary stairs and the use of the ladder were apparent. Plaintiff was very familiar with ladders, their usage, and their failings. Any attendant hazard was open and obvious. It was one of which plaintiff was aware and with which he was familiar. We are unable to ascertain wherein the defendant was guilty of any negligence. To the contrary, it appears that any negligence attendant upon the accident was necessarily that of the palintiff.

The judgment of the district court is affirmed.

AFFIRMED.