205 N.W.2d 652 (1973)
190 Neb. 26
Lucille M. WHITCOMB, Appellant,
v.
STATE FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, Appellee.
No. 38640.
Supreme Court of Nebraska.
March 30, 1973.
*653 Andersen & Hubka, Merrell L. Andersen, Russell S. Daub, Beatrice, for appellant.
Baylor, Evnen, Baylor, Curtiss & Grimit, Donald R. Witt, Lincoln, for appellee.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, NEWTON, and CLINTON, JJ.
NEWTON, Justice.
This is an action to recover for personal injuries sustained as the result of a fall in an entranceway. A verdict was directed and judgment entered for defendant. We affirm the judgment of the district court.
The entranceway and doors to defendant's building had been remodeled in 1957. Between January and March 20, 1970, the glass doors were replaced and a new aluminum threshold was installed. The new threshold was ½ inch higher than the old. It was constructed in violation of a city ordinance in that the reconstruction had not been authorized and it was ½ inch higher than permitted under the ordinance. Plaintiff had been a patron of defendant for many years and had entered the building many times over the former 2 inch high threshold. She had also entered over the new 2½ inch high threshold on at least one occasion before she fell on May 6, 1970. She states that on entering she did not look at the threshold. She further states that she opened the outward swinging door and started to step in when she stubbed her toe and fell but failed to state what she had tripped on.
The threshold, as to height, was in violation of the city ordinance and such violation is evidence of negligence. See Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N.W. 393. Without this factor there could be no negligence, however slight, attributed to defendant. See Beck v. Ideal Super Markets of Nebraska, Inc., 181 Neb. 381, 148 N.W.2d 839, wherein it is held that a change of level at the entrances or exits of buildings is to be expected and sidewalk and entrance elevations to most places, public and private, are quite without uniformity. The mere fact *654 that an invitee falls at the entrance of a building where a difference in level is present does not raise a presumption of negligence. See, also, Gorman v. World Publishing Co., 178 Neb. 838, 135 N.W.2d 868.
What was the duty owed by defendant to plaintiff as an invitee? "While the owner of premises owes the duty to an invitee to exercise ordinary care to have the premises in a reasonably safe condition for use in a manner consonant with the purposes of the invitation, generally, there is no duty on the part of an inviter owner to protect an invitee against hazards which are known to the invitee or are so apparent that he may reasonably be expected to discover them and protect himself." Costello v. Simon, 180 Neb. 35, 141 N.W.2d 412. See, also, Laaker v. Hartman, 186 Neb. 774, 186 N.W.2d 494; Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578.
In a somewhat similar case involving stairs with risers ¼ to ½ inche higher, and treads 1¼ to 1 3/8 inches narrower than prescribed by ordinance, the court stated: "There is no evidence in the record that defendant's failure to comply with the building ordinances of the city of Omaha was the proximate cause of the injury. The only evidence on the subject is that plaintiff `opened the door and stepped down and fell.' For aught we know she may have done any number of things that would have caused the accident and for which the defendant would not have been liable. The burden is upon the plaintiff and she has failed to produce any evidence to show that the act of defendant in violating the ordinance in any way contributed to this accident." Winterson v. Pantel Realty Co., supra.
In the present instance there is no evidence that plaintiff's fall was due to the ½ inch raise in the threshold, she may have fallen due to other causes, or might have tripped under the same circumstances over the old 2 inch high threshold.
The cases are legion wherein it is held under many varying situations that: "If conditions and circumstances are such that an invitee has knowledge of a condition in advance or should have knowledge comparable to that of the inviter, it may not be said that the inviter is guilty of actionable negligence." Nance v. Ames Plaza, Inc., 177 Neb. 88, 128 N.W.2d 564. That case together with Crawford v. Soennichsen, supra; Costello v. Simon, supra; Fritchley v. Love-Courson Drilling Co., Inc., 177 Neb. 455, 129 N.W.2d 515, are cases involving invitees. Disney v. Butler County Rural P. P. Dist., 183 Neb. 420, 160 N.W.2d 757, involved a farmer pulling an irrigation sprinkler into an electric line. Runge v. Travis, 178 Neb. 562, 134 N.W.2d 291; and Mendoza v. Aguilera, 184 Neb. 94, 165 N.W.2d 360, involve master and servant relationships. Mason v. Western Power & Gas Co., 183 Neb. 392, 160 N.W. 2d 204, involves a public service excavation on plaintiff's premises.
The plaintiff was familiar with the entranceway in which she fell. She had entered the building on numerous occasions and at least once after the entrance had been reconstructed. She was fully aware that there was a slight step or raise in the entrance. The threshold was open and obvious to all persons entering or leaving the building. Notwithstanding her knowledge of, and ability to see what was plainly before her, she failed to look and in some manner stumbled and fell. "One who is capable of understanding and discretion and who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent." Omaha Nat. Bank v. Omaha P. P. Dist., 186 Neb. 6, 180 N.W.2d 229. See, also, Mendoza v. Aguilera, supra; Costello v. Simon, supra.
We conclude that judgment was properly entered for the defendant and that the judgment should be affirmed.
Affirmed.