Charles T. Major, J.
Claimant asks damages for injuries sustained as a result of a fall on an alleged defective sidewalk on the grounds of Onondaga Tuberculosis Sanatorium, owned and operated by the State of New York.
At about 7:00 p.m., Eastern Daylight Saving Time, on August 21,1954, claimant, then 77 years of age, was at Onondaga Tuberculosis Sanatorium with her daughter to visit her husband, Curtis D. Holmes. Mr. Holmes became a patient there on August 19, 1954. He died on January 30, 1955. Claimant and her daughter arrived by car, and, after leaving the parking lot, they walked toward the infirmary building. They arrived at the sidewalk leading to the main entrance, proceeded easterly to the corner of the infirmary, and at this point they turned left. After passing the bend, claimant fell, breaking her hip and sustaining various bruises. The sidewalk is concrete, four feet *839 to five feet wide. The weather was clear, dry, and the sun was shining. Claimant was carrying only a handbag, and wore pumps with Cuban heels, measuring an inch in front, one and one-half to two inches in back, and about an inch square. These shoes were new and had not been worn prior to this occasion.
Claimant and her daughter walked side by side along the walk, but were not holding on to each other. Claimant wore bifocal glasses. She and her daughter looked straight ahead and did not look down as they traveled along the walk and turned the bend. At and approaching the place of the accident, claimant was walking eight inches to a foot from the left edge of the walk. Neither claimant nor her daughter knew what caused the fall. An inspection of the walk made after the accident caused claimant’s daughter to form the conclusion that the slight difference in elevation of two concrete slabs in the walk, coupled with a chip on the edge of the higher block, was the cause of the fall. Measurements made by Luther L. Fiester, in charge of maintenance at Onondaga Sanatorium, showed this difference was from three eighths to five eighths of an inch, and had been so for several years. Measurements made by Louis A. Waters on the day of the trial were given by him as an average of an inch. There is no proof of other accidents at this location, and the maintenance man, Fiester, who has charge of accident reports, so testified.
The condition in this walk alleged and complained of was neither a nuisance nor a trap. Thousands of people have walked over this same spot during the past seven to eight years, when conditions were the same, and there were no known falls or accidents. There is nothing- about this walk that is not commonly found in concrete walks in this area and climate. The alleged defects were too small and insignificant to be called defects. If such conditions were the cause of this fall, the court believes it could have been avoided by a little care and attention on the part of claimant.
Claimant was an invitee. The State has the duty of maintaining its grounds in a reasonably safe condition. The court finds no violation of this duty and no actionable negligence on the part of the State which was a proximate cause of, or contributed to this accident, but finds the claimant guilty of failing to watch her path as is expected of an ordinary prudent person.
The claim herein is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.