DAVID J. RAILE, APPELLEE, V. P. C. TOEWS, APPELLANT, IMPLEADED WITH CHARLES WILSON, DOING BUSINESS AS WILSON CONSTRUCTION COMPANY, ET AL., APPELLEES.

84 N. W. 2d 199

Filed July 12, 1957.     No. 34198.

*Chambers, Holland, Dudgeon & Hastings* and *Brogan & Brogan,* for appellant.

*Hutton & Hutton* and *Frederick M. Deutsch,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages for personal injuries. Plaintiff was an employee of the defendant Wilson who was the supplier of ready mixed concrete to defendant

Toews. Defendant Toews was the contractor building an elevator. Defendant Wilson and his insurance carrier are joined as parties, they having paid workmen's compensation to plaintiff, and here seek subrogation. We will refer to Toews as the defendant.

Issues were made involving negligence and contributory negligence. Trial was had. At the close of all of the evidence, defendant moved for a directed verdict on the grounds that plaintiff had failed to establish evidence of defendant's negligence and that the evidence showed plaintiff was guilty of contributory negligence as a matter of law. The motion was overruled. The matter was submitted to the jury and a verdict was returned for the plaintiff.

By motion for judgment notwithstanding the verdict or for a new trial, defendant presented the question of error in not sustaining the motion for a directed verdict and error in the giving of instructions. The trial court overruled the motion. Defendant appeals.

We reverse the judgment of the trial court and remand the cause for a new trial.

The first question presented is that of the sufficiency of the evidence to take the case to the jury. That in turn is directed at two particular questions of fact to which we shall refer presently. We recite the evidence subject to the established rule that: " 'In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom.' " Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

Defendant was engaged in building a grain elevator. The material used was concrete. The plan of construction was that of pouring concrete into forms and then raising the forms as the elevation increased. At the time of the accident the elevator was some 70 or 80 feet high.

The accident happened about 10 o'clock at night.

There were lights on top of the elevator and around the top where the finishers were working. There were no lights at the bottom of the elevator, save a light from an office building door some 20 or 30 feet from the place of the accident. The ready mixed concrete was elevated to the top of the elevator in two-wheeled vehicles variously referred to as mud buggies, wheelbarrows, or carts. We shall call them buggies. The loaded buggy was attached to a cable and elevated by means of a winch. When the buggy reached the top it was swung around onto a platform, detached, and taken to be emptied. An empty buggy was then attached and lowered to the ground for reloading. The direction of elevating and lowering of the buggies was in charge of an employee of defendant who worked on the ground near a platform. His name was Matthies. We shall refer to him by name.

Defendant Wilson supplied the ready mixed concrete. It was brought to the elevator in a drum mounted on a truck to which was attached a chute for unloading the concrete. Plaintiff drove the loaded truck to the elevator and placed it in position for unloading. The procedure was for Matthies to place an empty buggy in position for loading. Plaintiff then operated a lever that elevated the drum so the concrete flowed out by force of gravity. When they were ready to fill a buggy, plaintiff, standing at the rear of the truck, put the chute in position over the buggy and pulled a lever that opened the drum so that the concrete flowed into the buggy. The buggy was then pulled to the top, and another buggy reloaded.

Plaintiff's evidence is that on signal of Matthies an empty buggy was brought down during the time that the buggy on the platform was being filled; that Matthies signaled for it to come down; and that when it neared the ground he pulled it to one side, removed the cable, attached it to the loaded buggy, and signaled for it to be pulled up. Matthies' testimony is that the empty

buggy was brought down, guided to position by him, and then filled.

Plaintiff's testimony is that Matthies had left his post at the loading platform and had gone to the office to get an extension cord light so as to illuminate their place of work. Matthies testified that he was close by when the accident happened, and witnessed it.

It is conceded that an empty buggy being lowered to the ground struck plaintiff on the head and caused the injuries involved in the litigation.

Plaintiff testified that at the time he was injured an empty buggy had been placed in position on the platform and he was behind the truck in a proper place putting the chute into position or actually starting the unloading of the concrete into the buggy when he was hit. Defendant's evidence is that there was no buggy there.

The first precise question presented by the defendant is: "Was there a buggy on the platform being loaded by plaintiff at the time?"

Here defendant invokes the rule stated in Fairmont Creamery Co. v. Thompson, 139 Neb. 677, 298 N. W. 551, and since followed, that: "In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed."

Plaintiff invokes the rules restated in Burhoop v. Brackhan, *supra*, that: "Where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury. * * * If there is any evidence which will sustain a finding for the party having the burden of proof in a cause the trial court may not disregard it and didect a verdict against him."

There is evidence as to the practice involved which

is recited above. Defendant's evidence is that the normal procedure was to have the extra empty buggy at the top. There is also evidence that the practice at times was to have an extra empty buggy at the bottom. The fact question here does not turn on normal procedures. Rather the fact question turns on the evidence as to what was being done at the time of the accident. As to that, the evidence presented a clear-cut question of fact for the jury, and not the court, to decide.

On the premise that there was no buggy on the platform, the second question presented by defendant is: "Was plaintiff standing on the platform, or did he step onto it an instant before the accident?" The evidence as to that also was in direct conflict. This again presented a clear-cut question of fact for the jury, and not the court, to decide. The trial court did not err in overruling the motion for a directed verdict.

Plaintiff pleaded some eight specific allegations of negligence of defendant and his employees. The trial court submitted the issue of negligence to the jury in this language: "In lowering a wheelbarrow into an area where he worked, without providing sufficient light to enable him to see it and without giving him any warning."

The defendant denied negligence, and alleged contributory negligence in six specific matters. The trial court submitted these issues of contributory negligence to the jury in this language: "(a) In failing to maintain a lookout for his own safety; (b) In failing to see the wheelbarrow being lowered; (c) In unnecessarily moving from a place of safety into a position of danger."

No complaint is made as to the above instructions.

Complaint is made as to instruction No. 7 which is as follows:

"The defendant Toews and his employees were required to anticipate the presence of workmen in the area where wheelbarrows or 'mud buggies' were lowered,

and were charged with knowledge of the dangers incident thereto.

"The defendant Toews was not an insurer of the safety of such workmen. However, they were his invitees on the premises and it was the duty of Mr. Toews and his employees to exercise every reasonable precaution for their safety, and to exercise ordinary care in providing sufficient light at night so that workmen could see dangerous moving objects, in warning them of danger, and in avoiding an accident, if possible, as should a person of ordinary prudence under like circumstances."

The rule is: "Where two or more independent contractors, or a general contractor and one or more subcontractors, are engaged in work on the same premises, it is the duty of each contractor, in prosecuting his work, to use ordinary and reasonable care not to cause injuries to the servants of another contractor, and an employee of one contractor may recover against another contractor for injuries caused by the negligence of the latter contractor, or of his employees acting within the scope of their employment, in the performance of a duty owed by such contractor to the injured employee." Rumsey v. Schollman Bros. Co., 156 Neb. 251, 55 N. W. 2d 668.

Defendant's attack upon the instruction goes to the last sentence. Defendant contends that: "Instruction No. 7 advised the jury that the defendant was required to: (1) exercise every reasonable precaution for plaintiff's safety, (2) provide sufficient light at night so that workmen could see dangerous moving objects, (3) warn the plaintiff and others of danger, and (4) avoid an accident, if possible."

Plaintiff contends that: "We think that the ordinary grammatical meaning of Instruction No. 7 is as follows: '* * * it was the duty of Mr. Toews and his employees * * * to exercise ordinary care (1) in providing sufficient light at night so that workmen could see dan-

gerous moving objects, (2) in warning them of danger, and (3) in avoiding an accident, if possible * * *.' "

It will be noted plaintiff reads out of the instruction the words "to exercise every reasonable precaution for their safety." The above is an independent clause joined by the conjunction "and" to the remainder of the instruction. Clearly it requires the defendant Toews "to exercise every reasonable precaution" without condition, explanation, or limitation. See Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622. It allowed the jury to speculate as to any precaution which might occur to them was a reasonable one which the defendant did not exercise. So construed it was obviously prejudicial as not limiting the jury to consider only those reasonable precautions that were within the issues of negligence presented.

The remainder of the instruction is subject to the reasonable construction that it is all within the scope of one independent clause. It required the defendant "to exercise ordinary care (1) in providing sufficient light at night so that workmen could see dangerous moving objects, (2) in warning them of danger, and (3) in avoiding an accident, if possible, as should a person of ordinary prudence under like circumstances." The parts, numbered (1) and (2) by us, are within the issues of negligence submitted to the jury. That part of the instruction is not criticized.

That part of the instruction, numbered (3) by us, puts the burden on the defendant to exercise ordinary care in avoiding an accident, if possible. As such it is subject to the same criticism that is pointed out above as to the first independent clause and was prejudicial.

There is no essential difference in the instruction here given and that held to be prejudicially erroneous in Fick v. Herman, *supra*. For the prejudicial error in the instruction the judgment must be reversed and the cause remanded for a new trial. The rule is: "If it does not appear from the record that an incorrect

instruction to the jury did not affect the result of the trial of the case unfavorably to the party affected by it the giving of the instruction must be considered prejudicial error." Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496.

There is one other phrase in the instruction that should be mentioned. Referring to the "workmen" of whom plaintiff was one, the court said "they were his (Toews') invitees on the premises." The right of plaintiff to be on the premises or his status there were not issues. It might be argued that the expression put an added burden of care on the defendant. Under the circumstances shown here, the language should be omitted in any similar future instruction.

For the reasons here given, the judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

CARTER, J., participating on briefs.