ANNA GORMAN, APPELLANT, v. WORLD PUBLISHING CO., A CORPORATION, APPELLEE.

135 N. W. 2d 868

Filed June 25, 1965. No. 35899.

Martin A. Cannon, for appellant.

Cassem, Tierney, Adams & Henatsch and Charles F. Gotch, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

McCOWN, J.

This is a negligence action brought by a business invitee against the owners of a building for injuries suffered in a fall near the entrance. The jury returned a verdict for the defendant and the plaintiff has appealed.

On March 30, 1961, at 1:30 p.m., on a sunny day, the plaintiff, a woman 66 years of age, came by automobile to the Doctors' Building in Omaha, Nebraska, to consult her physician, a tenant in the building. The defendant owned and maintained the building as an office building for physicians and others connected with the healing arts. Access to the defendant's building was provided by an entrance approximately 30 feet wide, with two revolving doors in the center and a regular door on either side. A driveway came up from the street and

extended across the entryway, and provided access for all traffic, wheeled or afoot. A roof or marquee extended over the driveway for the width of the entrance. The inside lobby floor was of terrazzo and extended about 18 inches outside the doors where it ended against an aluminum strip that joined the concrete driveway, which served for both pedestrian and auto traffic. At the junction of these two surfaces, and 18 inches outside the doors, there was a difference in level. The driveway was one-half inch lower than the terrazzo. The ridge or seam was square because of the aluminum edge on the terrazzo surface. The terrazzo was a light tan in color, smooth and polished in texture, and the driveway was concrete.

The plaintiff got out of the car driven by her husband at a point in front of the entrance, walked around on the driveway behind the car, and approached the doors. Her toe hit something which she identified as the joining where the terrazzo joined the concrete. It threw her forward into the door and she sustained severe personal injuries.

There is no question but that the plaintiff was an invitee. The defendant had a legal duty to exercise ordinary care to keep the premises reasonably safe for the use of the invitee. The defendant is not an insurer of the safety of invitees. The liability of the defendant is for its own negligence. Jeffries v. Safeway Stores, Inc., 176 Neb. 347, 125 N. W. 2d 914; Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648.

The mere fact that an invitee falls at the entrance of a building where a difference in levels is present does not raise any presumption of negligence on the part of the owner and the doctrine of res ipsa loquitur does not apply. Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565; Sipprell v. Merner Motors, *supra.*

In such cases negligence and the duty to use due care does not exist in the abstract, but must be measured

against a particular set of facts and circumstances. The mere fact that there is a slight difference between levels in different parts of a building or on the premises outside the building which the public is invited to enter, does not in itself constitute negligence. See Kelley v. Luke, 140 Neb. 283, 299 N. W. 593. Our cases have previously drawn a distinction between conditions existing inside and outside the inviter's place of business. We have held that the duty as to maintenance of floor conditions is higher inside the inviter's place of business for the reason that the invitees are examining merchandise and that the inviter invites a condition in which their attention is diverted to the inspection of merchandise and the other ordinary incidents of the inviter's business. Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578. These differences do not affect the legal duty to exercise ordinary care, but recognize that all the facts of location and surrounding circumstances enter into the determination of what is reasonable in a particular case.

At this point, we revert to a more detailed examination of the facts as to the particular difference in levels which is the sole basis for the claim of negligence against the defendant. The plaintiff and her witnesses testified as to the appearance of the seam between the terrazzo and the concrete, and two photographs were introduced in evidence, one showing the seam or joinder from the front, the direction from which the plaintiff approached, and the other laterally. The plaintiff testified that she had been in and out of the building many times; that she had noticed the line where the terrazzo and concrete met many times; that she had seen the ridge or seam many times before; but that she did not know of the difference in levels. Her husband and son both testified that they could see the seam or ridge, but could not tell the difference in levels looking down at it, except upon close examination. They identified the seam or ridge by marking or identifying it on the photographs.

It has been stated by many courts and on many occa-

sions that it is a matter of common knowledge that a change of level at the entrances or exits of buildings is to be expected, and that sidewalk and entrance elevations to most places, private and public, are quite without uniformity. See, Sullivan v. Chicago & Northwestern Ry. Co., 128 Neb. 92, 258 N. W. 38; Cates v. Evans (Mo. App.), 142 S. W. 2d 654; Dominguez v. South Western Greyhound Lines, 49 N. M. 13, 155 P. 2d 138; Hoyt v. Woodbury, 200 Mass. 343, 86 N. E. 772, 22 L. R. A. N. S. 730.

Jones v. Great Atlantic & Pacific Tea Co., 9 N. Y. S. 2d 81, involved a fall on a sidewalk near the entrance to the defendant's store. The opinion does not state the exact difference in levels on which the plaintiff fell. The court affirmed the dismissal of plaintiff's complaint and stated: "The difference in elevation between the sidewalk and the concrete slab forming the entrance to defendants' store was so slight that a reasonably prudent person would not have anticipated that it would be the cause of an accident such as happened in this case." That case cites several cases involving minor differences in elevation, varying from $\frac{3}{8}$ to $\frac{3}{4}$ of an inch, both inside and outside of buildings, in all of which the petitions were dismissed.

It is the plaintiff's contention that the difference in level was so slight as to be unnoticeable and, therefore, that it constituted a trap. A careful examination of the cases cited and relied upon by the plaintiff in her able brief does not reveal a case directly in point upon its facts. Here there is simply no evidence that this was an unusual change in elevation; nor one at a place not to be expected; nor a situation in which the danger is accentuated by either too much light in the wrong place or too little where it could have afforded protection. It cannot be said to present a hidden or concealed danger for any person using it in broad daylight, where it extended uniformly and continuously for 30 feet across the entire entrance, with variations in color and tex-

ture of surfaces at the junction, and where there is no evidence of unusual distraction. See Holmes v. State of New York, 5 Misc. 2d 838, 161 N. Y. S. 2d 913.

The rule is, of course, well established that it is not negligence to maintain, under appropriate circumstances, different levels in approaches to places of business. The plaintiff had visited this building many times before and must have been, and concededly was, familiar with the entrance and particular approach used, which we cannot say was unusual nor that it presented a trap for business patrons. From the particular facts here, it must be said as a matter of law that the defendant's motion for directed verdict should have been sustained.

In view of this determination, the plaintiff's assignments of error relating to evidence as to the repairable nature of the defect charged and assignments of error relative to instructions become immaterial and it is, therefore, unnecessary to consider them.

For the reasons stated, the judgment is affirmed.

AFFIRMED.