ROY A. SANKEY, APPELLANT AND CROSS-APPELLEE, V. WALTER WILLIAMSEN, APPELLEE AND CROSS-APPELLANT.
144 N. W. 2d 429

Filed July 29, 1966.   No. 36268.

T. R. P. Stocker, for appellant.

Hal W. Bauer, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

This is a suit to recover damages to a farm tractor owned by Roy A. Sankey, appellant, hereinafter referred to as plaintiff, which he loaned to his tenant, Walter Williamsen, appellee, hereinafter referred to as defendant, to use and perform farm work incident to their oral crop-share lease.

On February 18, 1964, plaintiff recovered judgment for $610.24 in the municipal court of Lincoln, Nebraska; on March 9, 1964, defendant perfected an appeal to the district court for Lancaster County, Nebraska; and on June 19, 1964, defendant moved for judgment for plaintiff's failure to file petition on appeal within 50 days after rendition of judgment in the municipal court, citing section 26-1,109, R. R. S. 1943. By leave of court, plaintiff filed his petition, later amended, alleging defendant's specific acts of negligence with respect to the tractor summarized as failure to supply oil and water, permitting revolving discs to cut tires, driving at high speed, chasing cattle, driving across rough ground, and bending frame; and praying for $900 in damages. Defendant answered by general denial and alleging failure

of plaintiff to file a petition within 50 days. Jury trial was waived and trial had to the court. At conclusion of all the evidence, defendant moved for a directed verdict which was denied and judgment for $106.83 was entered for plaintiff. Plaintiff's motion to correct or modify the judgment for the full amount of damages proved, or, in the alternative, for a new trial, was overruled; and defendant's motion for new trial and his renewed objection to the jurisdiction of the court were denied. Plaintiff has appealed to this court, and the defendant has filed his cross-appeal.

In the summer of 1961, plaintiff orally leased some farm ground in Lancaster County, Nebraska, to defendant, a plumber by occupation, who possessed no farming equipment. Plaintiff owned a 1958 model tractor and other farming equipment which he loaned to defendant to use in their farming operation. Defendant had continuous but not exclusive possession of the tractor from September 30, 1961, to the first Monday in July 1962, when plaintiff reclaimed possession of the tractor and equipment while defendant was absent from the farm. During this same period, there was some disagreement between plaintiff and defendant concerning the terms of their lease not related to the issues of this case. The record fails to show that any special instructions as to either the care or use of the tractor were given by plaintiff to defendant at any time. During the period of defendant's possession, plaintiff and his employees used the tractor on the farm upon several occasions for seeding, pulling fence posts, and pulling other machinery.

Plaintiff's testimony is that when he regained possession of the tractor from the defendant in July 1962, he observed then that the engine did not function properly and it had no power; that the tires had been cut; that the steering arm, grill, and fenders were bent; and that the front carriage mount bearing was out. The only direct evidence offered on behalf of the plaintiff as to defendant's negligence was that on one occasion the

plaintiff saw the tractor being driven on the highway "above the customary manner" in reference to speed, that he saw defendant's sons, ages 13 to 16 years, driving the tractor in the fields over narrow ditches 2 to 3 feet in height, and that he saw defendant's sons chasing cattle with the tractor. Defendant testified that the tractor worked well at all times with the exception of one ignition failure which was repaired; that on the day before plaintiff repossessed it, defendant was cultivating milo; that he changed oil regularly; that water and anti-freeze were kept in the radiator as needed; that the tires were 3 years old when he got the tractor; that when plaintiff regained possession of the tractor there were some cuts and bruises on the tires and one lug was cut off, all as a result of normal use and wear; that he had driven the tractor on the county road between 15 and 18 miles per hour which was the maximum speed permitted by the governor on the motor; that his sons used the tractor to go down to the pasture to get the cattle, but did not chase the cattle; and that the tractor was used in the normal manner to perform the farming operation on that farm.

In support of claimed damages, plaintiff shows that one tractor tire was repaired on August 24, 1964, 2 years after the alleged acts of negligence, in the sum of $24.75; that a motor tune-up was made on August 9, 1962, in the sum of $81.88, which included several parts and services not related to the suit, but the exact amount not appearing in the record; and that it was determined in 1962, that the tractor engine had a cracked block, which was repaired on December 11, 1962, at a cost of $610.24.

The relationship of bailor and bailee existed between the parties; they intended that the tractor and other equipment were to be used by the defendant for the mutual benefit of both the plaintiff and defendant on the plaintiff's farm. The tractor was used only for farming purposes. "The burden is upon the party who seeks

recovery to establish upon the whole case facts and circumstances showing a breach by the opposite party of some duty under the bailment upon which a liability may be predicated. * * * When a bailment is reciprocally beneficial to both parties, the law requires ordinary diligence on the part of the bailee and makes him responsible for ordinary negligence." Fuelberth v. Splittgerber, 150 Neb. 309, 34 N. W. 2d 380. "* * *ordinary care means such care as ordinarily prudent men, as a class, would exercise in caring for their own property under like circumstances, * * *." 8 Am. Jur. 2d, Bailments, § 207, p. 1094.

Plaintiff claims error in that the trial court failed to apply the doctrine of res ipsa loquitur. Plaintiff's petition alleges specific acts of negligence. This court has consistently adhered to the rule: "In an action for negligence based on specified acts of negligence the plaintiff, in order to recover, must establish the specific negligence alleged and the doctrine of res ipsa loquitur cannot be applied." Roos v. Consumers Public Power Dist., 171 Neb. 563, 106 N. W. 2d 871.

"It is a fundamental rule of negligence that to be actionable the negligence charged must be the proximate cause of the injury. * * * In other words, the negligence must be such that the accident would not have occurred but for the existence of the negligence charged. * * * The burden of proof is on the plaintiff, in order to recover in an action for negligence, to prove that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it." Odom v. Willms, 177 Neb. 699, 131 N. W. 2d 140. See, also, Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531, 82 A. L. R. 2d 714.

The record fails to show any competent evidence to support any of the specific acts of negligence alleged by the plaintiff that were the proximate cause of any of the damage claimed by him. At the conclusion of all

the evidence the defendant's motion for judgment should have been sustained.

The defendant urges that the trial court erred in denying his motion for judgment for the reason that plaintiff failed to file his petition on appeal within 50 days from the date of judgment for the plaintiff in the municipal court as provided in section 26-1,109, R. R. S. 1943. Recently this court in Anoka-Butte Lumber Co. v. Malerbi, *ante* p. 256, 142 N. W. 2d 314, considered section 27-1306, R. R. S. 1943, which statute refers to appeals from the county court and justice of peace courts having substantially the same language as section 26-1,109, R. R. S. 1943. In that case we held: "There is no question that section 27-1306, R. R. S. 1943, is intended to prevent unnecessary delay in the administration of justice. * * * The proper procedure in such situation would appear to be for the appellant to direct the court's attention to the fact that the appellee has not filed a petition on appeal within the time required. The court should then order that the plaintiff be nonsuited unless a petition on appeal is filed within a time specified." We hold that the procedure outlined in the Anoka-Butte Lumber Co. case shall also apply to appeals under section 26-1,109, R. R. S. 1943.

Other errors are argued by both plaintiff and defendant; however, for reasons heretofore given it is unnecessary to discuss them.

The judgment of the trial court is reversed, and the cause is dismissed at plaintiff's costs.

REVERSED AND DISMISSED.