GERTRUDE BECK, APPELLANT, V. IDEAL SUPER MARKETS OF NEBRASKA, INC., APPELLEE.

148 N. W. 2d 839

Filed February 24, 1967. No. 36390.

Robert V. Hoagland, for appellant.

John C. Coupland, Maupin, Dent, Kay & Satterfield, Clinton J. Gatz, Donald E. Girard, and John W. Sjostrom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN. JJ., and KOKJER, District Judge.

McCOWN, J.

This is an action for personal injuries sustained by the plaintiff in a fall at or near the doorway of defendant's store. The jury's verdict was for the defendant and the plaintiff has appealed.

On a beautiful Sunday afternoon, February 7, 1960, the plaintiff, who was not a regular customer, entered defendant's grocery store and purchased some groceries. As she left the store, she fell. The evidence is in direct conflict as to whether she fell in the doorway or outside the doorway. The plaintiff pleaded that the fall was caused solely by an obstruction in the exit doorway. She testified that she caught her shoe on a screw which protruded approximately ⅛ inch above the center of

a grooved metal doorsill plate. Her mother, who was with her, did not look at the doorway nor see any screw. The plaintiff and her son, who was 8 years old at the time of the accident, testified that they came to the store a week or two later and without going in, pulled the door open and saw the screw partly out. The trial was held more than 6 years after the accident.

Defendant's witnesses, including two employees who had assisted or observed the installation of the doors during the summer preceding the accident, testified there had never been a screw in the center of the door-sill. Their testimony was that the doorsill of the exit doorway was held on the north by a metal slot arrangement and one screw was placed in the hole near the south edge of the door. The holes for screws in the middle and to the north of the sill did not line up and no screws were ever installed there. The photographs confirm the testimony of defendant's witnesses.

The entrance and exit doors were side by side with a step-up from the sidewalk of about 2 inches extending across both doors. The plaintiff testified that she did not pay any attention to the doorsill going in and that as she left, she didn't look down at the doorstep or the doorsill. The plaintiff's pleadings and evidence as to defendant's negligence were grounded on and limited to the existence of a screw protruding ⅛ inch in the center of a grooved metal doorsill. There was no allegation of any other defect in construction or maintenance.

As a result of the fall, the plaintiff broke the outside metatarsal bone on her right foot and also claimed an aggravation of a former suppurative arthritis of the right hip.

There is no question but that the plaintiff was an invitee. The defendant had a legal duty to exercise ordinary care to keep the premises reasonably safe for the use of the invitee. The defendant, however, is not an insurer of the safe keeping of invitees. The liability of the defendant is for its own negligence. Jeffries v.

Safeway Stores, Inc., 176 Neb. 347, 125 N. W. 2d 914.

It is a matter of common knowledge that a change of level at the entrances or exits of buildings is to be expected and that sidewalk and entrance elevations to most places, private and public, are quite without uniformity. See Gorman v. World Publishing Co., 178 Neb. 838, 135 N. W. 2d 868.

In a case of this character, the burden is on the plaintiff to prove negligence on the part of the defendant. The mere fact that an invitee falls at the entrance of a building where a difference in level is present does not raise any presumption of negligence on the part of the owner and the doctrine of res ipsa loquitur does not apply. Thompson v. Young Men's Christian Assn., 122 Neb. 843, 241 N. W. 565.

Negligence and the duty to use due care does not exist in the abstract but must be measured against a particular set of facts and circumstances. See Gorman v. World Publishing Co., *supra*.

While it must be conceded that there are several glaring contradictions between the plaintiff's statements and depositions and her testimony at the time of the trial, she did testify that a screw protruded approximately ⅛ inch above the surrounding metal in the center of a grooved doorsill. However, her conclusion that she caught her shoe on the screw is not sufficient of itself to establish negligence on the part of the defendant. There is no testimony that such a condition in a grooved metal doorsill is unusual or defective. All of the facts disclosed by the evidence enter into a determination of what is reasonable in a particular case. Here the defendant had the duty to exercise ordinary care in the light of what it knew or reasonably should have known. The evidence does not sustain the plaintiff's burden of establishing that the condition here was unusual nor that it presented a trap for business patrons.

On these facts, the defendant's motion for directed verdict should have been sustained. In view of this

determination, the plaintiff's assignments of error relating to instructions become immaterial. It is therefore unnecessary to consider them.

For the reasons stated, the judgment is affirmed.

AFFIRMED.

SPENCER, J., concurring only in the result.