Helen Marie Lund, appellee, v. Harold Mangelson, doing business as Ben Franklin 5 and 10 Cent Store, appellant.

158 N. W. 2d 223

Filed April 19, 1968.   No. 36727.

Sodoro & Meares and Jon S. Okun, for appellant.

Matthews, Kelley & Cannon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for damages as a result of an accident which occurred at the Ben Franklin 5 and 10 Cent Store at 3457 South Eighty-fourth Street, Omaha, Nebraska. At the close of the evidence defendant filed a motion for a directed verdict. This was overruled and the case was submitted to the jury which returned a verdict for the plaintiff. Defendant thereafter filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. When this motion was overruled, defendant perfected an appeal to this court.

The incident occurred on October 8, 1965, when plaintiff's foot came in contact with one of the doors of defendant's place of business. Defendant's place of business has two sets of doors, both of which open to the west. Plaintiff entered the store through one of the south pair of doors. The weather was extremely windy. Plaintiff testified she had trouble getting in the store and to do so had to pull the door "awfully hard." Plaintiff left the store through one of the north pair of doors. Her testimony on her exit is as follows: "Q. When you got to that door, what did you do? A. Well, I pushed the door. I was standing like this (indicating), and I pushed the door, and I had my purse here (indicating). I pushed the door and then I just put my foot out. I expected the door to go open and come back like regular doors. I thought, Well, I can go out. I pushed the door, and here come a gust of wind and brought the door back. Q. At the time the gust of wind came up, were you holding the door open for yourself? A. Yes, Q. And did you feel the pressure of the wind against the door? A. Yes. Q. Now, was the action of the door slowed by

any mechanism that you could feel? A. No. That was what I expected. When the door flew open, like, I expected it to go back like regular doors do. Q. You expected it to go slowly? A. Yes. Q. What did it do? A. It came back real fast. Q. What happened to you? A. It caught my foot. Q. Now, just a minute, I want to know what caught your foot, what part of the door. A. The edge of the aluminum door. Q. Where with relation to the swinging lower corner of the door? A. Right in the corner. Q. Was it the corner of the door? A. Yes, right in the corner."

Plaintiff's amended petition sets out the following specific allegations of negligence, all of which were submitted to the jury: "1. In permitting said door, which opened onto an unprotected and very windy area, to remain for many months without any effective retarder to sudden closing; 2. In failing to repair or replace the retarder thereon, when the defendant knew it was inoperative, and he had ample opportunity to repair; 3. In failing to warn plaintiff of the danger incident to the uncontrolled nature of the door."

The defendant alleges eight assignments or error. We condense them to two: First, the court erred in ruling that there was sufficient evidence of defendant's negligence to go to the jury; and, second, the court, erred in giving instruction No. 2, which set out the allegations of negligence listed above.

We have set out the testimony of plaintiff in detail because it is the only evidence in the record offered by the plaintiff to prove a defective retarder, failure to repair, and failure to warn or protect plaintiff from an uncontrolled door. There is not a scintilla of evidence in this record to prove that the door remained for even an hour without any effective retarder to sudden closing. Except for the happening of the accident, as described by the plaintiff and the testimony of plaintiff's expert witness that the outside paving was not level so the bottom of the door was not flush with the sidewalk, there is

nothing from which it can be inferred the door was in an unreasonably dangerous condition. Plaintiff's expert testified he walked into the store through the door and back out without making any measurements or tests of any kind. He did not testify that the retarder was deficient, but merely testified to a conclusion that the door shouldn't slam if the closer was properly adjusted. He also testified he didn't notice any molding or dulling of the corners and edges of the door at the bottom, if any were present. He further testified that if there was a door of this type with rounded edges he was not familiar with it. He produced a cross-section of a door similar to the one in question, which is a Tubelite door distributed by Pittsburgh Plate Glass Company. The edges of it, rather than being sharp, are smooth.

Defendant's son and two employees who were present at the time of the accident testified that the door was operating normally. A repairman who had installed a retarder on the door in question sometime previous to 1965, and who was familiar with the door, inspected it after the accident and found nothing wrong. He testified the retarder was functioning, the door operated normally, and that no repairs or adjustments of any nature were made on it. The testimony for the defendant is to the effect that the door was in the same condition at the time of the trial as it was on and immediately before October 8, 1965.

It is apparent that the evidence was not sufficient to justify the submission of all of plaintiff's specific allegations of negligence, as was done in instruction No. 2. Even if there was some evidence to justify the submission of the case to the jury on any of those allegations, the instruction as given was prejudicially erroneous. However, before this problem is reached, there is the preliminary question as to the sufficiency of the evidence to raise a jury question.

In every case, before the evidence is submitted to the jury, there is a preliminary question for the court to

decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. Weston v. Gold & Co., 167 Neb. 692, 94 N. W. 2d 380.

A motion for a directed verdict or for judgment notwithstanding the verdict must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Egenberger v. National Alfalfa Dehydrating & Milling Co., 164 Neb. 704, 83 N. W. 2d 523.

In an action for damages for negligence the burden is on the plaintiff to show by direct or circumstantial evidence that there was a negligent act or omission by the defendant and that it was the proximate cause of plaintiff's injury or a cause which proximately contributed to it. Egenberger v. National Alfalfa Dehydrating & Milling Co., *supra*.

Plaintiff's evidence is that her foot caught in a space between the door and the sidewalk. This fact alone does not prove defendant negligent. Plaintiff still has the burden of proving some act of negligence on the part of the defendant which was the proximate cause of her injury or which proximately contributed to it. The doctrine of res ipsa loquitur is not applicable, because plaintiff is relying on specific allegations of negligence. This case, on the facts, is not too far different from Weston v. Gold & Co., 167 Neb. 692, 94 N. W. 2d 380, in which this court reversed a judgment for an infant who caught his foot in an escalator. In that case, the plaintiff's mother testified to a widening of the space between the end of the steps and the sidewall, and that plaintiff's foot was caught in this space. We there held: "The doctrine of res ipsa loquitur proceeds on the theory that, under

special circumstances which invoke its operation, the plaintiff is unable to specify the particular act of negligence which caused the injury, but if the petition alleges particular acts of negligence, then the plaintiff, in order to recover, must establish the specific negligence alleged, and the doctrine of res ipsa loquitur cannot be applied."

Plaintiff's expert testified to a space caused by an uneven sidewalk, but made no measurements or tests. Defendant's son testified that he measured the space between the door and the sidewalk when the door was opened at a 45-degree angle, and that the space was 1⅛ inches; that when the door was opened at a 90-degree angle, which is fully open, the measurement was between 1¼ inches and 1⅜ inches. This fact in and of itself does not import improper maintenance. The photographs of the door in evidence, particularly exhibit No. 4, show a doorsill approximately 1 inch in height which is not shown to be unusual construction and does not raise any presumption of negligence. The photograph shows the door to be flush with the doorsill and consequently at least the height of the doorsill above the sidewalk.

The plaintiff was an invitee on the premises. Consequently, defendant had a legal duty to exercise ordinary care to keep his premises reasonably safe for her use. This, however, did not make him an insurer of her safety. See Beck v. Ideal Super Markets of Nebraska, Inc., 181 Neb. 381, 148 N. W. 2d 839. It was the plaintiff's duty to prove a failure to exercise ordinary care. There is no evidence in this case that the door was either defective or that the defendant had knowledge of any defect.

Negligence and the duty to use due care do not exist in the abstract but must be measured against a particular set of facts and circumstances. Gorman v. World Publishing Co., 178 Neb. 838, 135 N. W. 2d 868.

In an action for negligence based on specific acts of negligence, the plaintiff, in order to recover, must estab-

lish at least one of the specific acts of negligence alleged. Sankey v. Williamsen, 180 Neb. 714, 144 N. W. 2d 429. This the plaintiff has failed to do. The motion of the defendant for a directed verdict, made at the close of the evidence, should have been sustained.

For the reasons given, the judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.