Joseph W. McANDREWS et al., Plaintiffs,

v.

The GOODY COMPANY, a corporation, et al., Defendants.

Civ. No. 78–0–353.

United States District Court, D. Nebraska.

Nov. 2, 1978.

Daniel W. Ryberg, Omaha, Neb., for plaintiffs.

David A. Svoboda, Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon the motion to dismiss of the Owens-Illinois Glass Co. [Filing # 7]. The complaint was filed subsequent to the explosion of a beverage bottle McAndrews was carrying. The plaintiff sustained injuries to his face and his right eye as a result of the accident.

■ Owens-Illinois disputes the plaintiffs' allegations of diversity jurisdiction. McAndrews and his subrogee have pled that they are residents of the state of Nebraska, that the Owens-Illinois Glass Company is incorporated under the laws of Ohio, and that "none of the Defendants have a principal place of business within the State of Nebraska."

The Court believes that the complaint sufficiently avers jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. Official Form 2, contained within the Appendix to the Civil Procedure Rules, has language that is very similar to plaintiffs' complaint. Under Rule 84, this form is sufficient to satisfy the requirement of a jurisdictional statement. In their treatise on federal practice, Wright and Miller explain the policy that underlies this method of pleading:

> When defendant is a corporation, Official Form 2(a) suggests that plaintiff should allege the state in which defendant is incorporated but need only aver that the corporation's principal place of business is in a state other than the state of plaintiff's citizenship. This form of allegation apparently is authorized because plaintiff may have difficulty in ascertaining where defendant has its principal place of business. In a situation in which it clearly is not a state that would destroy diversity jurisdiction, no purpose would be served in requiring plaintiff to undertake the investigation that would be necessary to enable him to make a precise allegation as to the corporation's center of gravity. 5 Wright & Miller, Federal Practice & Pleading § 1208 at 88 (1969).

The Court believes that denying the motion to dismiss comports with the policy of encouraging "notice" pleading in federal court rather than requiring particularized allegations of facts that might be more properly developed during discovery.

Owens-Illinois further asserts, as a part of its motion to dismiss, that the plaintiffs may not avail themselves of the doctrine of res ipsa loquitur in their complaint when counts charging breach of warranty, negligence and strict liability are also alleged. The position of the Nebraska Supreme Court on the subject initially appears to support this contention. In *Mischnick v. Iowa-Nebraska Light & Power Co.*, 125 Neb. 598, 251 N.W. 258 (1933), the Supreme Court made the following statement:

> The doctrine of res ipsa loquitur proceeds on the theory that, under special circumstances which invoke its operation, the plaintiff is unable to specify the particular act of negligence which caused the injury, but if the petition alleges particular acts of negligence, then the plaintiff, in order to recover, must establish the specific negligence alleged, and the doctrine of res ipsa loquitur cannot be applied. 125 Neb. at 602, 251 N.W. at 259.

The analysis of the *Mischnick* court has been quoted with approval in a number of succeeding cases. *See, e. g., Finley v. Brickman*, 186 Neb. 747, 752, 186 N.W.2d 111, 113–14 (1971); *Lund v. Mangelson*, 183 Neb. 99, 103–04, 158 N.W.2d 223, 227 (1968); *Weston v. Gold & Co.*, 167 Neb. 692, 699, 94 N.W.2d 380, 385 (1959); *Security Ins. Co. v. Omaha Coca-Cola Bottling Co.*, 157 Neb. 923, 928, 62 N.W.2d 127, 131 (1954).

■ After a close reading of these decisions and other Nebraska precedents, the Court concludes that the *Mischnick* quotation does not act to force an election of remedies by the plaintiffs at this stage of the litigation. Each of the previously cited Nebraska Supreme Court cases dealt with common factual situations that were distinctly different from the present case in one important respect. All involved an appellate consideration of the issue subsequent to the presentation of evidence in the trial court. None dealt with the propriety of pleading acts of negligence and *res ipsa* in the same complaint. During the course of discovery, the plaintiffs may decide to focus upon specific instances of fault on the part of Owens-Illinois and other defendants rather than rely on the rule of *res ipsa*. However, they are not foreclosed from pursuing relief under some other theory until proof of specific acts of negligence is adduced at trial. Only then is the theory of *res ipsa* unavailable to the plaintiffs. *Knies v. Lang*, 116 Neb. 387, 217 N.W. 615 (1928).

This is not a situation where the plaintiff has alleged various specific acts of negligence and subsequently attempts to rely on the doctrine of *res ipsa* at trial. *Cf. Sankey v. Williamson*, 180 Neb. 714, 144 N.W.2d 429 (1966); Annot. 2 A.L.R.3d 1335 (1965). Where no possibility of surprise exists, as in the present case, the judicial act of proscribing reliance upon *res ipsa*, especially at the present juncture, would have little rational support.

■ Additional support for denial of the motion to dismiss the *res ipsa* count of the complaint can be found in Rule 8(e)(2) of the Federal Rules of Civil Procedure. Although proof of specific acts of negligence would negate the possibility of a recovery on a *res ipsa* theory under Nebraska law, nothing prevents the plaintiffs from pleading independent and inconsistent theories of relief in federal court. *Cf. McGhee v. United States*, 75 F.Supp. 76, 83 (S.D.N.Y.1947).

As a final ground for its motion to dismiss, Owens-Illinois alleges that it was not in control of the pop bottle at the time it exploded. Since exclusive control is an element of the concept of *res ipsa*, this defendant argues that no recovery against Owens-Illinois is possible.

■ The Court feels that the granting of such a motion would be premature. The whole concept of *res ipsa* allows a plaintiff who is ignorant of the cause of his injury to obtain redress. Evidence obtained during discovery may eliminate all explanations of the source of the harm other than the defendant's negligence. *Res ipsa* is a permis-

sible theory under such circumstances. W. Prosser, Handbook of the Law of Torts § 39 at 220–21 (1971).

 A count contained within a complaint should not be dismissed for insufficiency "unless it appears to a certainty that [the claimant] is entitled to no relief under any state of facts which could be proved in support of the claim." *Morton Bldgs. of Neb., Inc. v. Morton Bldgs., Inc.*, 333 F.Supp. 187, 191 (D.Neb.1971). The standard is a rigorous one. The defendant's motion must fail unless "it appears beyond doubt that plaintiff cannot obtain any relief." *Seven-Up Bottling Co. v. Seven-Up Co.*, 561 F.2d 1275, 1282 (8th Cir. 1977). The plaintiff is under no burden at this stage of the proceedings to prove exclusive control by Owens-Illinois, Inc. As the Eighth Circuit held in *Winfrey v. Brewer*, 570 F.2d 761, 765 (8th Cir. 1978), "[i]t is enough to withstand a motion to dismiss that the plaintiff has made factual allegations which, accepted as true, state a basis for relief." As a practical matter, a dismissal for failure to state a claim upon which relief can be granted is likely to be ordered "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974). *Accord, Jackson Sawmill Co. v. United States*, 580 F.2d 302 (8th Cir. 1978). The plaintiffs' complaint is sufficient to state a valid claim under these tests.

IT IS HEREBY ORDERED that the motion to dismiss of the Owens-Illinois Glass Co. is denied.