MILLIRON RANCH CORPORATION, APPELLEE, V.
ERNIE BRINKMAN, APPELLANT.

277 N. W. 2d 68

Filed March 27, 1979. No. 41859.

Steven J. Flodman of Barlow, Johnson, DeMars & Flodman, and Arlen D. Magnuson of Magnuson & Peetz, for appellant.

Edward E. Hannon of Cronin & Hannon, for appellee.

Heard before SPENCER, Retired Justice, BOSLAUGH, and WHITE, JJ., and WOLF and SPRAGUE, District Judges.

SPRAGUE, District Judge.

This is an action for damages as a result of a fire which occurred in Holt County. The case was submitted to a jury which returned a verdict in favor of the plaintiff. The defendant perfected an appeal to this court.

On September 26, 1974, a fire occurred north of Atkinson, Nebraska, damaging pasture land owned by Milliron Ranch Corporation. The defendant, Mr. Ernie Brinkman, left Atkinson, Nebraska, on that date to visit Mr. Duane Beck, sole owner of the plaintiff corporation.

On arriving at the Beck residence Mr. Brinkman was informed by Mrs. Beck as to the location of Mr. Beck. He then proceeded 1 mile north on a main road in search of Mr. Beck. Next, he traveled 1 mile west and went down a public trail road. He did not find Mr. Beck in the first field. Mr. Brinkman

proceeded to turn north on a public trail road. There was a hill to the north and Mr. Brinkman thought Mr. Beck might be haying over the hill.

The public trail road consisted of one visible track or parallel tracks from one vehicle, and appeared to have been recently traveled on. The whole right-of-way was unmowed. The public roadway in question extends in a north-south direction and is located between Sections 31 and 32. The plaintiff owned the land on both sides of the road.

After proceeding down the public road for 300 or 400 yards, Mr. Brinkman attempted to turn around in the road. During this turning movement the front wheels of the car dropped in a rut. He tried to rock the automobile to free it. After no more than 3 to 4 minutes time he realized something else would need to be done to free the car.

The defendant got out of his car. He saw smoke coming from underneath. When Mr. Brinkman saw the smoke, he made additional efforts to free the Ford automobile. His efforts failed, and the fire began to spread. He left the area without being able to save the contents of the car or stop the fire. Mr. Brinkman returned to the fire as soon as possible. It was traveling across country to the northeast. Before the fire was stopped, it had burned over a substantial area of pasture land.

The plaintiff in his pleadings set out specific allegations of negligence that were incorporated into jury instruction No. 5 as follows: "Before the plaintiff can recover against the defendant Ernie R. Brinkman, the burden is upon the plaintiff to prove by a preponderance of the evidence each and all of the following propositions:

"1. That the defendant Ernie R. Brinkman committed certain activity while operating his automobile upon the trail road between Section 31 and Section 32, Township 32, Range 14, West of the 6th P.M. in Holt County, Nebraska, on September 26, 1974,

which an ordinary, reasonable and prudent person would not have done under similar circumstances and conditions, and that one or more of those acts were as follows:

"A. That the defendant drove his automobile into high grass at a time when the defendant knew, or should have known, that the condition of the grass made it easily kindled by the heat of the automobile.

"B. That the defendant drove his automobile off the track on which he was driving and into grass approximately three feet high when he could not see where he was driving by reason of said dry grass.

"C. That the defendant continued to operate his automobile when the same was stuck, when he knew, or should have known, said operation would cause the automobile to overheat and cause a fire in the dry grass under the automobile. * * *"

Instruction No. 5 generally and allegations 1-A, 1-B, and 1-C were duly objected to prior to their submission to the jury. This court finds the giving of this instruction was prejudicial error. The instruction presents specific allegations of fact found in the pleadings which were not supported by any evidence.

Our court has uniformly held that it is reversible error for the trial court to include in its instructions to the jury allegations of fact found in the pleadings which have not been supported by the evidence. Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139; Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652; Lund v. Mangelson, 183 Neb. 99, 158 N. W. 2d 223; Graham v. Simplex Motor Rebuilders, Inc., 189 Neb. 507, 203 N. W. 2d 494; Oberhelman v. Blount, 196 Neb. 42, 241 N. W. 2d 355.

Instruction No. 5 1-A instructed the jury to consider "* * * when the defendant knew, or should have known, that the condition of the grass made it easily kindled by the heat of the automobile." There was no evidence submitted to the jury that the condition

of the grass made it easily kindled by the heat of the automobile. No evidence was submitted to prove the amount of heat, if any, that an automobile would have produced under the circumstances. Under paragraph 1-B there was no evidence submitted that the height of the grass instructed on was the height on the roadway in question. Paragraph 1-C instructed the jury to consider "* * * when he knew, or should have known, said operation would cause the automobile to overheat and cause a fire in the dry grass under the automobile." There was no evidence submitted that the defendant's automobile would overheat if operated as alleged or that such overheating caused a fire in the dry grass under the automobile. The record is totally absent any evidence as to the conditions under which the grass could have ignited or under which the automobile could have overheated. There is no evidence that the automobile would, in fact, produce any heat.

Plaintiff suggests that certain inferences may be drawn from the fact that the grass was dry, that the defendant was operating his automobile, and that there was a fire. The pleadings, however, contain specific allegations that were included in the instructions to the jury. No evidence was offered in support of these allegations. It was prejudicial error to present to the jury for its determination these issues of fact for which there was no proof.

The court does not consider discussion of the other assignments of error necessary to an appropriate disposition.

The judgment of the District Court is reversed and the cause remanded with instructions to grant a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

SPENCER, Retired Justice, concurs in result.

WOLF, District Judge, concurring with the result.

Although I concur with the majority opinion reversing and remanding this action for new trial, I

hesitate to join in the opinion which would suggest that if expert testimony could establish that an automobile of this age and make could reasonably overheat under such circumstances as to cause a fire in range grass, that this proof would be sufficient to submit to the jury as proof of negligence by the defendant.

Where injury may be caused to another by the operation of a motor vehicle, there are the usual allegations of ultimate negligence such as reasonable control and proper lookout; however, in this case it is clear that the original entry upon the high grass was not the cause of the injury nor was the defendant's failure to be able to see where he was driving a cause of the fire, although it may have been a contributing factor to the defendant becoming stuck. The problem is there is no legal duty not to get stuck.

The true test in determining whether an act of negligence was committed by the defendant was whether he operated his vehicle in such a manner that he exposed the plaintiff to an unreasonable risk of injury when an ordinarily or reasonably prudent and careful man would not have done so under similar circumstances. The test should not be what an expert would have done under the circumstances.

WHITE, J., joins in concurrence.